UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRANCE T. WILLIAMS,

    Plaintiff,

v.                                           Case No. 8:23-cv-2299-CEH-TGW

POLK COUNTY SHERIFF'S OFFICE,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Civil Rights Complaint ("Complaint") filed under 42 U.S.C. § 1983 (Doc. 1). Plaintiff is a Florida pretrial detainee at the Polk County Jail proceeding *pro se* who sues the Polk County Sheriff's Office.[1] Plaintiff alleges that deputies from the Sheriff's Office placed shackles on his wrists and ankles too tightly, placed him in fear for his safety by transporting him with numerous other detainees, and failed to bring him to the medical department for treatment after he was injured

---

[1] The Sheriff of Polk County, Grady Judd, in his official capacity, rather than the Polk County Sheriff's Office, is the proper defendant. *See Wilk v. St. Lucie Cnty. Fla. Sheriff Off.*, 740 F. App'x 658, 662 (11th Cir. 2018) ("Under Florida law, sheriff's offices lack the legal capacity to be sued."); *Navarro v. City of Riviera Beach*, 192 F. Supp. 3d 1353, 1361 (S.D. Fla. 2016) ("[T]he Sheriff in his official capacity, and not the county 'Sheriff's Office,' is the proper party to an action against the Sheriff or any employee of the Sheriff's Office."); *Ramirez v. Hillsborough Cnty. Sheriff's Office*, No. 8:10-cv-1819-SDM-TBM, 2011 WL 976380, at *1 (M.D. Fla. Mar. 18, 2011) ("Hillsborough County Sheriff David Gee—and not the 'Hillsborough County Sheriff's Office'—is the proper party to an action against the Sheriff.").

when pushed to the ground by another detainee. As relief, he seeks monetary damages.

## DISCUSSION

After a review of the complaint in accord with 28 U.S.C. § 1915A, the Court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted. The only defendant named in the Complaint is the Polk County Sheriff's Office, a governmental entity. "A governmental entity is not liable under [§] 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees." *See Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). Rather, a governmental entity may be liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) (holding that liability of municipalities and other governmental entities under § 1983 is limited to instances of official policy or custom).

To attribute liability to the Sheriff's Office under § 1983, Plaintiff must demonstrate that the Sheriff's Office had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (1993) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, the Complaint alleges no facts sufficient to show the existence of a policy or custom that caused the alleged violation of Plaintiff's constitutional rights. Therefore, the Complaint fails to state a claim for relief upon which relief may be

granted against the Sheriff's Office.

Accordingly it is **ORDERED**:

1. The Complaint (Doc. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff filing a new complaint in a new case with a new case number if Plaintiff wishes to restate his claim.

2. The **Clerk of the Court** is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on October 20, 2023.

Charlene Edwards Honeywell
United States District Judge

Copy to: Plaintiff, *pro se*